### EPHRAIM MURDOCK *vs.* INHABITANTS OF WARWICK.

In an action to recover damages of a town for an injury resulting from a defect in a highway, the judge instructed the jury that if the plaintiff, while driving with ordinary care such a horse as a man might reasonably drive on an ordinarily safe highway, suffered injury in consequence of a defect in the highway, and would not have suffered injury but for such defect, he was entitled to recover, "although the action of the horse, from some vicious habit occasionally operating, might have contributed to the result." *Held,* that the last clause of this instruction was erroneous, and entitled the defendants to a new trial.

ACTION OF TORT to recover damages sustained by reason of the insufficiency of the railing of a highway in Warwick, whereby the plaintiff's horse and wagon were precipitated down a bank into a pond. One ground of defence was that the plaintiff was not using due care at the time of the accident, and that the vicious conduct of the horse occasioned or contributed to the injury; and evidence on this point was offered on both sides at the trial in the court of common pleas.

*Bishop,* J. instructed the jury that, " if this was such a horse

as a man might reasonably drive and use, on an ordinarily safe highway, and the plaintiff was driving, using and managing him in all respects with ordinary care and caution, at the time and place of the injury complained of, and the horse and wagon went off the bank by the side of the highway, and suffered injury in consequence of a want of sufficient railing at that place, and would not have gone off and been injured but for such want of sufficient railing, then, so far as this point is concerned, the plaintiff was entitled to recover; although the action of the horse, from some vicious habit occasionally operating, might have contributed to the result." The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

This case was argued at September term 1854.

*C. P. Huntington & W. Griswold,* for the defendants. The instructions given were contradictory and unintelligible; and the last clause, at least, erroneous. If the vicious habits of the horse, which the plaintiff was bound to know, contributed to the injury, the plaintiff cannot recover. *Howard* v. *North Bridgewater,* 16 Pick. 189. *Palmer* v *Andover,* 2 Cush. 600. *Hunt* v. *Pownal,* 9 Verm. 418. *Rice* v. *Montpelier,* 19 Verm. 470. *Farnum* v. *Concord,* 2 N. H. 392. *Moore* v. *Abbot,* 32 Maine, 46. *Farrar* v. *Greene,* 32 Maine, 574. *Templeman* v. *Haydon,* 12 C. B. 507.

*D. Aiken & C. Allen,* ( *G. T. Davis* with them,) for the plaintiff. It being found by the verdict that the horse was one which the plaintiff might reasonably drive and use ; that the plaintiff was driving, using and managing him, in all respects, with ordinary care and caution ; and that the horse and wagon went off in consequence of the want of sufficient railing, and would not have gone off but for such want of railing; the plaintiff is entitled to recover. The question of the plaintiff's ordinary care having been settled by the jury upon all the circumstances, including every thing that the plaintiff was bound to know, all beyond that is accident or casualty, which does not defeat the plaintiff's right to recover. *Palmer* v. *Andover,* 2 Cush. 600. *Bigelow* v. *Rutland,* 4 Cush. 247. *Hunt* v. *Pownal,* 9 Verm. 411. *Kelsey* v. *Glover,* 15 Verm. 711. *Allen* v. *Hancock,* 16 Verm. 230.

Whithead *v.* Mallory & others.

SHAW, C. J. No very strong objection can be made to the former part of the instruction, except perhaps on the difficulty of a jury's finding what is such a horse, if unruly and vicious at all, as a man may reasonably drive and use on an ordinarily safe highway; and if these directions had stood alone, without the last clause, they would not have been open to exception. But that direction appears to the court to be incompatible with the established principle of law, as administered here and elsewhere. That principle is, that, in order to recover of the town for a defect in its highway, the traveller must not only drive with due care and skill, but must be using a proper horse and vehicle, with strong and suitable harness; and that, if there be any defect in any of these particulars, and such defect contributes to the disaster, the town is not liable, although the way be defective. The reason is, because it is impossible to know what proportion of the damage is occasioned by one, and what by the other, or whether there would have been any damage at all but for the traveller's own default. The authorities are numerous we cite a few only, of those most familiar. *Smith* v. *Smith*, 2 Pick. 621. *Lane* v. *Crombie*, 12 Pick. 177. *Adams* v. *Carlisle*, 21 Pick. 146. The court are therefore of opinion, that if the vicious habits of the horse did operate, upon the occasion in question, and did in fact contribute to the loss, the plaintiff was not entitled to recover, and that the jury should have been so instructed. *New trial ordered.*